IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLEN GLENN THOMAS, | § | |
|     Plaintiff, | § | |
| vs. | § | Civil Action No. 3:19-CV-1049-C-BH |
| | § | |
| TEKLE GIRMA ABEBE, et. al, | § | |
| | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are *Defendants Dallas Area Habitat for Humanity, Inc. and Dallas Neighborhood Alliance for Habitat Motion to Dismiss Plaintiff's Complaint or Alternatively, Motion for a More Definite Statement*, filed May 30, 2019 (doc. 8), and *Defendants Girma Abebe Tekle and Aster Kifle Woldmariam's Rule 12(b)(6) Motion to Dismiss, or Alternatively, Rule 12(e) Motion for a More Definite Statement*, filed June 28, 2019 (doc. 12). Based on the relevant filings and applicable law, the motions to dismiss should be **GRANTED**, any remaining and new claims should be dismissed *sua sponte*, and the plaintiff's complaint should be **DISMISSED with prejudice** for failure to state a claim as to all defendants. The alternative motions for a more definite statement are **DENIED as moot**.

**I. BACKGROUND**

This case arises out of the transfer and sale of the residential property located at 1911 McBroom St., Dallas Texas 75212 (Property), which was originally owned by the mother of Allen Glenn Thomas (Plaintiff). (doc. 3 at 1.) Plaintiff alleges that while he was in prison and his mother was in a nursing home, his son, Tarrance L. Hawkins (Son), and Cynthia Bryant (Bryant) stole the

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

deed to the Property and "illegally" transferred it to Son on September 26, 2008. (*Id.* at 1, 4.) On September 22, 2010, Son gave or sold the Property to Bryant, who then sold it to Dallas Neighborhood Alliance for Habitat and Dallas Area Habitat for Humanity (Charities) on September 30, 2010. (*Id.*) On July 30, 2015, Charities sold the Property to Girma Abebe Tekle and Aster Kifle Woldmariam,[2] the current residents (Residents) of the Property. (*Id.*)

On May 1, 2019, Plaintiff filed a *pro se* complaint on behalf of himself and his mother's estate against Charities, Residents, Son, Bryant, William D. Hall (Trustee), and Neal Tomlins, Trustee for F & M Bank Trust Company (F & M Trustee). (*Id.* at 1,4-5.) It alleges, in relevant part:

> I, am the sole heir living to this property, these acts where conspired To seal, or gain control of the heirship property [ Fraudulently, maliciously] By these named defendant's, in violation of the 5th, 14th Amend (s), Tex.Const.Art. 1, §17; 19; 42 U.S.C.§ 1983[.]

(*Id.* at 1.) It also describes the defendants' conduct as "fraudulent" and "malicious." (*Id.* at 5.) Plaintiff seeks $1.2 million in actual damages, injunctive relief, compensatory damages, "exemplary, punitive, and treble damages," damages for mental suffering and emotional distress, pre-judgment and post-judgment interest, and attorney's fees and costs. (*Id.* at 5-6.)

Charities and Residents (Defendants) move to dismiss Plaintiff's complaint for failure to state a claim and as time-barred, and alternatively, for a more definite statement. (*See* docs. 9;12.) Plaintiff objected in response, asserting that he has stated a claim because Defendants "committed crimes in violation" of 18 U.S.C. § 1001. (docs. 11 at 2; doc. 14 at 2.)

## II. MOTIONS TO DISMISS

Defendants move to dismiss Plaintiff's fraud claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*See* docs. 8; doc. 9 at 3-4;

---

[2] Plaintiff's complaint incorrectly names Residents as Tekle Girma Abebe and Wolder Mariam Asater. (*See* doc 12 at 1.)

doc. 12 at 4-6.)

A. **Rule 12(b)(6)**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

3

>A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

**B.   Fraud**

Defendants allege that Plaintiff failed to plead facts to support a plausible common law fraud claim. (doc. 9 at 3-4; doc. 12 at 4-6.)

"The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation[,] the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Shandong Yinguang Chem. Indus. Joint Stock Co. Ltd. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir.2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex.2001)).

A claim for fraud is subject to the heightened pleading requirement of Rule 9(b). *Potter*, 607 F.3d at 1032.[3] It requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010).

---

[3] A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genenlech, Inc.*, No. 3:10–CV–1747–B, 2011 WL 2312280, at *3 (N.D.Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir.1996)).

"[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Williams*, 112 F.3d at 179).

Here, Plaintiff generally alleges that Defendants fraudulently attempted to gain control of his "heirship" Property, but he fails to allege what material misrepresentation was made, who made it, when it was made, or how he relied upon it to his detriment. The extent of Defendants' alleged involvement in the fraud is Charities' purchase of the Property, which it then sold it to Residents. Plaintiff's conclusory allegations do not meet the heightened pleading requirements of Rule 9(b), so the motions to dismiss his fraud claim for failure to state a claim for relief should be granted.[4]

### III. REMAINING CLAIMS

Plaintiff's complaint may be liberally construed as also asserting a claim that the defendants conspired to commit fraud. (doc. 3 at 1.) He also claims based on federal law, the Fifth and Fourteenth Amendments of the Constitution, 42 U.S.C. § 1983, and Article I §§ 17, 19 of the Texas Constitution. (doc. 3 at 4.) The defendants have not moved to dismiss these claims.

A court may *sua sponte* dismiss a plaintiff's claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of the Court's intention and an opportunity respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). "The fourteen-day

---

[4] Because Defendants' initial arguments concerning the fraud claim are dispositive, the Court does not reach their limitations argument. (*See* docs. 9 at 4; 12 at 5-6.)

5

time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond." *Fantroy v. First Fin. Bank, N.A.*, No. 3:12-CV-0082-N (BH), 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012), *adopted by* 2013 WL 55669 (N.D. Tex. Jan. 4, 2013) (citing *Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008)).

### A. Conspiracy to Commit Fraud

Under Texas law, a civil conspiracy is "a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. The essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Rodgers v. City of Lancaster Police*, No. 3:13-CV-2031-M-BH, 2017 WL 457084, at *16 (N.D. Tex. Jan. 6, 2017), *adopted by* 2017 WL 447216 (N.D. Tex. Feb. 2, 2017) (quoting *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)). "[I]n short, there must be a preconceived plan and unity of design and purpose, for the common design is of the essence of the conspiracy." *I Love Omni, LLC v. Omnitrition Int'l, Inc.*, No. 3:16-CV-2410-G, 2017 WL 1281130, at *3 (N.D. Tex. Apr. 6, 2017) (quoting *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 857 (Tex. 1968)). "[A] defendant's liability for conspiracy depends on [his or her] participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable." *Tilton v. Marshall*, 925 S.W.2d 672, 681 *(Tex. 1996).* Additionally, it requires a specific intent. *I Love Omni,* 2017 WL 1281130, at *3.

Here, Plaintiff simply makes a conclusory allegation that Defendants conspired to steal or "gain control of the heirship property." (doc. 3 at 1.) He fails to allege that there was a meeting of the minds between two or more persons, or that any unlawful or overt acts were taken in furtherance

6

of the conspiracy. His conspiracy claim is predicated on his fraud claim, so it likewise fails. *See Mathis v. DCR Mortg. III Sub, I, LLC*, 952 F.Supp.2d 828, 836 (W.D. Tex. 2013) (finding plaintiff's civil conspiracy claim was predicated primarily on his fraud claims, and it failed alongside those claims). Plaintiff's claim for conspiracy to commit fraud should be dismissed *sua sponte*.

B. **Constitutional Claims**

Plaintiff's allegations that the fraudulent transfers violate his rights under the Fifth and Fourteenth Amendments of the Constitution cannot support a cause of action. The Fifth Amendment's due process clause only applies to the actions of the federal government, and the Fourteenth Amendment's due process clause applies to municipalities. *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Constitutional due process protections do not extend to private conduct. *Mantle v. Upper Deck Co.*, 956 F. Supp. 719, 734 (N.D. Tex. 1997) (citing *Davis v. Prudential Secs., Inc.*, 59 F.3d 1186, 1190–91 (11th Cir.1995)). Plaintiff fails to allege what process was owed to him, how his rights were violated, or that any state actors were involved in the series of transfers. Because Defendants are private citizens, any claims under the Fifth and Fourteenth Amendments should be *sua sponte* dismissed.[5]

Plaintiff similarly fails to state a § 1983 claim against Defendants because they are private citizens. "Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United

---

[5] Plaintiff's claim under Article I § 19 of the Texas Constitution fails for the same reasons. Section 19 has traditionally been viewed as co-extensive with the United States Constitution's due process of law. *McPeters v. LexisNexis*, 910 F. Supp. 2d 981, 991 (S.D. Tex. 2012), *on reconsideration*, 11 F. Supp. 3d 789 (S.D. Tex. 2014) (citing *Armstrong v. Randle*, 881 S.W.2d 53, 56 (Tex.App.1994)). It has not been held to provide any greater protection than that afforded by the United States Constitution's Due Process Clause. *Cravin v. State*, 95 S.W.3d 506, 510 n. 3 (Tex.App.—Houston [1st Dist.] 2002, pet. ref'd).

States[.]" *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (citation omitted). It applies to those "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (citation omitted). Plaintiff fails to allege that any state actors were involved in the alleged fraudulent transfer of the Property. For private citizens, such as Defendants, to be held liable under § 1983, "the plaintiff must allege and prove that the citizen conspired with or acted in concert with state actors." *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir.1989). Because Defendants are not state actors, Plaintiff fails to state a § 1983 claim against them.

Plaintiff also fails to state a claim under Article I § 17 of the Texas Constitution, which is the Takings Clause and prevents the government from taking, damaging or destroying a person's property without adequate compensation. TX Const. Art. I. § 17. To establish a takings claim, Plaintiff must allege an intentional act of the state. *Green Intern., Inc. v. State*, 877 S.W.2d 428, 431 (Tex. App.—Austin 1994, writ dism'd). The takings claim must be based on intentional state action that is within that state's authority. *Id.* Plaintiff alleges that the series of transfers that deprived him of the Property were done "illegally" and by private citizens. Section 17 does not support a cause of action against private citizens. *Republican Party of Texas v. Dietz*, 940 S.W.2d 86, 89 (Tex.1997); *McPeters v. LexisNexis*, 910 F. Supp. 2d 981, 989 (S.D. Tex. 2012), *on reconsideration*, 11 F. Supp. 3d 789 (S.D. Tex. 2014). Because he fails to allege that state actors deprived him of the Property, any claim brought under Article I § 17 of the Texas Constitution should be dismissed.

Plaintiff's complaint fails to set out any factual allegations that would entitle him to a claim for relief. Accordingly, his constitutional claims should be dismissed *sua sponte* for failure to state a claim upon which relief can be granted.

## IV. NEW CLAIMS

Plaintiff's response to Defendants' motions to dismiss asserts that Defendants "committed crimes" in violation of criminal statute 18 U.S.C. § 1001. (docs. 11 at 2; 14 at 2.) Because this claim was raised for the first time in his response, it is not part of the pleadings to be considered for purposes of the motion to dismiss. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473 at *4 n.3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552 at *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)). He has not been granted leave to amend his complaint to add these allegations, and he has not shown that the defendants consented to an amendment. *See* Fed. R. Civ. P. 15(a)(2). Nevertheless, because the *pro se* response may be liberally construed as a request for leave to amend his complaint, this claim is also addressed in an abundance of caution. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss, in which plaintiff first alleged that she had been willfully discriminated against, should be treated as a motion to amend her pleadings).

Plaintiff contends that he has stated a claim to relief because Defendants "committed crimes" in violation of federal criminal statute 18. U.S.C. § 1001 (making false statements to an agency of the United States). "[P]rivate citizens do not have the right to bring a private action under a federal criminal statute," however. *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)). Plaintiff cannot enforce a criminal statute in a civil action. *See Florance v. Buchmeyer*, 500 F. Supp. 2d at 626 (N.D. Tex. 2007); *see, e.g., Algoe v. Tex.*, Nos. 3:15-CV-1162-D,

9

3:15-CV-1204-D, 2016 WL 6902154, at *9 (N.D. Tex. Sept. 29, 2016) (dismissing civil claim brought under criminal statutes), *adopted by*, 2016 WL 6893682 (N.D. Tex. Nov. 21, 2016). Therefore, to the extent that he asserted this new claim in his response, it should also be dismissed *sua sponte* for failure to state a claim upon which relief can be granted.

## V. REMAINING DEFENDANTS

As noted, a court may *sua sponte* dismiss a plaintiff's claims on its own motion under Rule 12(b)(6) as long as the plaintiff has notice and an opportunity respond. *See Carroll*, 470 F.3d at 1177. Plaintiff's claims against the unserved defendants (Son, the Trustees, and Bryant) for fraud, conspiracy to commit fraud, and civil rights violations fail for the same reasons as his claims against the other defendants. His conclusory allegation that Son and Bryant committed fraud by stealing the Property deed and "illegally" transferring it are insufficient to state a claim for relief because he fails to allege "the who, what, when, where, and how;" he has not identified what material misrepresentation was made, who made it, when it was made, or how he relied upon it to his detriment. His claim for conspiracy to commit fraud fails because he has not sufficiently pleaded a meeting of the minds or the underlying tort of fraud. As noted, because Plaintiff fails to allege that any of the defendants are state actors, his constitutional claims fail. The claims against these defendants should therefore be dismissed *sua sponte*. *See Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921, 946 S.D. Tex. 2004) (dismissing complaint as to remaining unserved defendants for failure to state a claim); *Hix v. Bosque County, Texas,* 2016 WL 3688439, at *8 (W.D. Tex. July 6, 2016) (recommending dismissal of all claims against remaining unserved defendants based on moving defendant's motion).

10

## VI. OPPORTUNITY TO AMEND

Notwithstanding a *pro se* party's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed by court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010). Nevertheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, all of Plaintiff's claims are based on alleged transfers of the Property deed more than ten years ago. His response does not specify or clarify the alleged fraud by the moving defendants or against the unserved defendants; he merely reasserts constitutional provisions and adds a criminal statute as a basis for his suit. It does not appear that he could successfully state a claim for relief even if provided an opportunity to amend because none of the defendants are state actors, and he cannot assert claims under criminal statutes. It appears that he has alleged his best case, and no

further opportunity to amend appears warranted.

## VII. RECOMMENDATION

The defendants' motions to dismiss should be **GRANTED**, any remaining and new claims should be dismissed *sua sponte*, and the plaintiff's complaint should be **DISMISSED with prejudice** for failure to state a claim as to all defendants. The alternative motions for a more definite statement are **DENIED as moot**.

**SO RECOMMENDED** on this 8th day of January, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE